UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN G. NOFFSINGER | : | CASE NO.: |
| 718 Davidson Street | | |
| Defiance, Ohio 43512 | : | JUDGE |
| | | |
| Plaintiff, | : | |
| | | |
| vs. | : | |
| | | |
| JASON K. LANDERS, INDIVIDUALLY AND AS | : | |
| SHERIFF OF PAULDING COUNTY, OHIO | | |
| c/o PAULDING COUNTY SHERIFF'S OFFICE | : | |
| 500 East Perry Street | | |
| Paulding, Ohio 45879 | : | |
| | | |
| and | : | |
| | | |
| ROBERT GARCIA, INDIVIDUALLY AND AS | : | |
| DEPUTY SHERIFF OF PAULDING COUNTY, OHIO | | |
| c/o PAULDING COUNTY SHERIFF'S OFFICE | : | |
| 500 East Perry Street | | |
| Paulding, Ohio 45879 | : | |
| | : | |
| and | | COMPLAINT WITH JURY |
| | : | DEMAND ENDORSED |
| BRION HANENKRATT, INDIVIDUALLY AND | | HEREON |
| AS DEPUTY SHERIFF OF PAULDING COUNTY, OHIO: | | |
| c/o PAULDING COUNTY SHERIFF'S OFFICE | : | |
| 500 East Perry Street | | |
| Paulding, Ohio 45879 | : | |
| | | |
| and | : | |

1

| | |
|---|---|
| TURNER NETWORK TELEVISION, INC.<br>c/o CT Corporation System, Registered Agent<br>1201 Peachtree Street NE, Fulton<br>Atlanta, GA 30361 | :<br>:<br>: |
| and | : |
| WOLF FILMS, INC.<br>c/o Corporation Service Company dba CSC, Registered Agent<br>2710 Gateway Oaks Drive, Suite 150B<br>Sacramento, CA 95833 | :<br>:<br>: |
| and | : |
| MAGICAL ELVES, INC. nka GEMINI MAGICAL ELVES, INC.<br>c/o Jeanne Newman, Registered Agent<br>450 N. Roxbury Drive, 8th Floor<br>Beverly Hills, CA 90210 | :<br>:<br>: |
| and | : |
| KELLY SIEGLER<br>1200 Binz, Suite 1300<br>Houston, TX 77004 | :<br>: |
| and | : |
| YOLANDA MCCLARY<br>11327 Corsica Mist Avenue<br>Las Vegas, NV 89135 | :<br>: |
| and | : |
| ALAN BROWN<br>address unknown | : |
| and | : |
| JOHN DOE 1<br>address unknown | : |

2

and                                                          :

JOHN DOE 2                                                   :
address unknown
                                                             :
and
                                                             :
JOHN DOE 3                                                   :
address unknown
                                                             :
and
                                                             :
JOHN DOE 4                                                   :
address unknown
                                                             :
and
JOHN DOE 5                                                   :
address unknown
                                                             :
and
                                                             :
DOE CORPORATION 1                                            :
address unknown
                                                             :
and
                                                             :
DOE CORPORATION 2                                            :
address unknown
                                                             :
and
                                                             :
DOE CORPORATION 3                                            :
address unknown

       Defendants.                                        :

_____

## I.   INTRODUCTION

    1. This action includes claims for civil rights violations under 42 U.S.C. §1983 and claims for negligent and intentional torts under state law. These claims are based upon the

conduct of certain law enforcement officers employed with the Paulding County Sheriff's Office, Paulding County, Ohio, the actions of the employees of Turner Network Television, Inc. ("TNT"), Wolf Films, Inc. (hereinafter "Wolf"), Magical Elves, Inc. nka Gemini Magical Elves, Inc. (hereinafter "Magical Elves"), Kelly Siegler (hereinafter "Siegler"), Yolanda McClary (hereinafter "McClary") and Alan Brown (hereinafter "Brown"), all of whom investigated plaintiff's alleged involvement in the homicide of Alma Noffsinger which occurred on or about December 16, 1981 in the Village of Oakwood, Paulding County, Ohio. The defendants' collective investigations, which occurred in 2014, were an attempt to resurrect a "cold case," and resulted in an unreasonably reckless disregard for and malicious prosecution of plaintiff in violation of the United States and Ohio Constitutions and state law.

## II. JURISDICTION

2. Pursuant to 28 U.S.C. §§ 1331 and 1343, the United States District Court has jurisdiction over the claims arising under 42 U.S. C. §1983 and the United States Constitution. Pursuant to 28 U.S.C. §1367, the United States District Court has jurisdiction over the claims arising under state law. The plaintiff is a resident of Defiance County, Ohio. Some defendants are residents or government entities of Ohio and the remaining defendants have their principal places of business in the states of Georgia, California and Texas. The amount in controversy exceeds $75,000.00. Proper venue lies in the Northern District of Ohio pursuant to 28 U.S.C. §1391.

## III. PARTIES

3. Plaintiff, Steven G. Noffsinger, (hereafter "Noffsinger") is a United States citizen and a resident of Defiance County, Ohio.

4. Defendant Jason K. Landers (hereafter "Landers") was and is the Sheriff of Paulding County, Ohio at all times relevant to this action and by statute is charged with the responsibility of operating the Paulding County Sheriff's Office.

5. Defendant Robert Garcia (hereafter "Garcia") was and is a Deputy Sheriff for the Paulding County Sheriff's Office at all times relevant to this action.

6. Defendant Brion Hanenkratt (hereafter "Hanenkratt") was and is a Deputy Sheriff for the Paulding County Sheriff's Office at all times relevant to this action.

7. Defendant TNT is a business entity which developed a television series known as "Cold Justice" culminating as relevant herein with the publication on its network on or about August 8, 2014 with a program regarding the death of Alma Noffsinger identified as "Cold Justice, Season 2, Episode 17."

8. Defendant Siegler purports to be a former prosecutor and was the host of the "Cold Justice" television production which was published on or about August 8, 2014 regarding the homicide of Alma Noffsinger, and was a primary participant in the investigation of plaintiff as a suspect of that homicide on behalf of the Paulding County Sheriff's Office, TNT, Magical Elves, and Wolf.

9. Defendant McClary, purports to be a crime scene investigator on behalf of TNT, Wolf, and Magical Elves and the television production "Cold Justice" which was published on or about August 8, 2014 regarding the homicide of Alma Noffsinger, and was a primary participant in the investigation of plaintiff as a suspect of that homicide on behalf of the Paulding County Sheriff's Office, TNT, Magical Elves and Wolf.

10. Defendant Brown purports to be a homicide investigator, on behalf of TNT, Magical

Elves and Wolf and the television production "Cold Justice" which was published on or about August 8, 2014 regarding the homicide of Alma Noffsinger, and was a primary participant in the investigation of plaintiff as a suspect of that homicide on behalf of the Paulding County Sheriff's Office, TNT, Wolf and Magical Elves.

11. Defendant Wolf is a television film production company which produced a television show known as "Cold Justice, Season 2, Episode 17" which aired on or about August 8, 2014 regarding the homicide of Alma Noffsinger on defendant TNT's national television network.

12. Defendant Magical Elves is a duly registered California corporation with an address and principal place of business in California.

13. Defendant Magical Elves is a film production company which employed the television production crew, including the "on-air talent" identified in paragraphs 8, 9 and 10 above.

14. Defendants John Does No. 1-5 were or are law enforcement officers, employees or agents of TNT, Magical Elves and/or Wolf, or staff members of the television production "Cold Justice" at all times relevant to this action and which participated in the production and/or publication of "Cold Justice, Season 2, Episode 17." At present, their names and identities are unknown, but once discovered, may be substituted as party-defendants.

15. Defendants Doe Corporations No. 1-3 were or are business or government entities at all times pertinent to this action and which participated in the production and/or publication of "Cold Justice, Season 2, Episode 17." At present their names and identities are unknown, but once discovered, may be substituted as party-defendants.

16. All acts complained of herein occurred in Paulding County or Defiance County, Ohio

and the statements published to the general public on a television program called "Cold Justice", were published throughout the nation through the cable television network, TNT, on which the production aired; and continues to be aired at the website of defendant TNT where the production may be viewed; and via the Internet through a website and video-on-demand service called YouTube, on which the production may be viewed; and is available on video-on-demand services of local cable and satellite providers operating in Paulding County and Defiance County, Ohio. The first publication occurred within one year of the filing of this case and is ongoing to the present.

17. Defendants Landers, Garcia, and Hanenkratt are being sued in both their official capacity and their individual capacities.

### IV. FACTS

18. Upon information and belief, at approximately 8:45 a.m. on December 17, 1981, Alma Noffsinger was found dead in her residence located at 108 Fifth St., Oakwood, Paulding County, Ohio. The Lucas County, Ohio Coroner in association with the Paulding County, Ohio Coroner performed an autopsy and ruled the death a homicide, and the time of death at least 24 hours prior to the discovery of the body.

19. At the time of the homicide, the Paulding County Sheriff's Office, through the then Sheriff, Deputies and Prosecuting Attorney conducted an investigation into the homicide of Alma Noffsinger which involved contacting various persons of interest, including plaintiff, but no suspect was charged or arrested for the homicide.

20. From December 17, 1981 until on or about July 31, 2014, no person was identified, charged or arrested for the murder of Alma Noffsinger and the case remained unresolved.

21. In June, 2014, defendants Siegler, McClary and Brown arrived in Paulding County, Ohio and met with defendants Landers, Garcia, Hanenkratt, and John Does No. 1-5, for the specific purpose of resurrecting the investigation into the death of Alma Noffsinger.

22. Thereafter, an investigation was undertaken by defendants Landers, Garcia, Hanenkratt, and John Does No. 1-5, under color of state law, at the direction and control of defendants Siegler, McClary and Brown wherein several individuals were interviewed.

23. Defendants Landers, Garcia, and Hanenkratt provided defendants Siegler, McClary and Brown unbridled access to the Sheriff's files, records, building and assistance.

24. During the 1981 investigation, plaintiff voluntarily signed a Consent to Search, allowing the Paulding County Sheriff's Office to search his vehicle and home. Two pieces of physical evidence were confiscated from plaintiff's home, a pair of jeans and a zippered red sweatshirt.

25. The physical evidence collected at the time of Alma Noffsinger's death sometime between December 15, 1981 and December 17, 1981, which consisted of approximately 26 different pieces of evidence, was not available to the investigators in June, 2014, as said physical evidence was either destroyed or lost.

26. The approximately 26 different pieces of evidence, including plaintiff's jeans and red zippered sweatshirt, were forensically examined on behalf of the Paulding County Sheriff's Office by a chemist from Barker Analytical Laboratories, Inc. who generated a written report dated February 22, 1982.

27. The chemist's report, in essence, exonerated the evidence confiscated from plaintiff in 1981 as "Nothing was found on the samples [of evidence] which were associated with foreign

materials from a possible assailant."

28. Defendants Siegler, McClary, Brown, Landers, Garcia and Hanenkratt were aware of the destroyed or lost evidence, of plaintiff's voluntary Consent to Search; and the written chemist's findings from Barker Analytical Laboratories, Inc., yet these defendants maliciously defamed plaintiff and in reckless disregard of plaintiff's civil rights, presented plaintiff in a false light as the murderer of Alma Noffsinger, and never presented any of the exculpatory evidence during the "Cold Justice" television production.

29. The body of Alma Noffsinger was not exhumed for re-examination in 2014, or at any time after her burial in January, 1982.

30. The initial law enforcement reports dated December 17, 1981 indicated the decedent's residence was undisturbed, other than the bedroom where the homicide occurred, and there was no evidence of forced entry, burglary or sexual assault.

31. From on or about June 16, 2014 until plaintiff was indicted on July 31, 2014, the focus of the investigation involved plaintiff because plaintiff was the ex-spouse of Alma Noffsinger, the parties having been divorced on or about May 21, 1981. It was the conclusion of defendants Siegler, Brown and McClary, and concurred to by defendants Landers, Garcia and Hanenkratt that the violent murder committed in this case was by a person very close to the decedent and was "Steven G. Noffsinger."

32. Prior to decedent's marriage to plaintiff she had been married to David Delgado, Sr. (hereinafter "David") and this marriage produced two children who in December, 1981 were in the custody of David.

33. In December, 1981 David was not married but lived with a woman named Maria

Gaucin aka Maria Gaucin Delgado (hereinafter "Maria").

34. Upon information and belief, Alma Noffsinger purportedly attempted to reconcile with her first husband, David, which caused Maria to become jealous and angry with Alma Noffsinger.

35. In December, 1981 and January, 1982 the Paulding County Sheriff's Office interviewed plaintiff Steven Noffsinger and David Delgado, Sr. but did not make any arrest.

36. Upon information and belief, Maria was interviewed and failed an investigative polygraph in January, 1982, but no further investigation was conducted as to her involvement.

37. Defendants Brown and Hanenkratt traveled to Houston, Texas as part of the June, 2014 investigation and eliminated David and Maria as suspects after a brief interview with each.

38. Defendants Garcia and Hanenkratt interviewed retired Oakwood Police Officers Elmer Adams and Frank Marvin on June 23, 2014. Both officers stated that they had personally observed the truck of a known third-party, not the plaintiff, to be parked at or near the home of Alma Noffsinger on the night of December 15, 1981 for an extended period of time. The officers learned of the third party's identity because they checked the license plate of said truck on their law enforcement data base.

39. On June 23, 2014 the known third-party was interviewed briefly during the 2014 investigation by Garcia and Hanenkratt, but he denied ever being at the home of Alma Noffsinger and no further investigation was conducted as to his involvement.

40. Despite the known third-party's truck having been placed at the home of Alma Noffsinger upon observation by two former Oakwood police officers, during the time period in which she was murdered, the third-party was not considered a suspect by defendants Siegler,

McClary, Brown, Landers, Garcia or Hanenkratt.

41. Upon information and belief, defendants Siegler, McClary and Brown concluded their investigative work with defendants Landers, Garcia, and Hanenkratt with the agreed upon conclusion that plaintiff had committed the homicide of Alma Noffsinger and defendants Landers, Garcia and Hanenkratt would present the same to the county prosecutor for charges against plaintiff.

42. Upon information and belief defendants Siegler, McClary and Brown informed defendants Landers, Garcia and Hanenkratt that the television production would not be published unless an indictment was filed.

43. On July 31, 2014 a Special Paulding County, Ohio Grand Jury was convened to hear evidence specifically against plaintiff, who was then indicted on one count of aggravated murder with a specification for the death of Alma Noffsinger.

44. On or about August 1, 2014 plaintiff was arrested on the aforementioned indictment and held without bond until his trial which ended on May 1, 2015.

45. On or about August 1, 2014, Landers conducted a press conference/release wherein Landers announced that plaintiff had been arrested for the murder of Alma Noffsinger. Landers announced that he had reopened the investigation. Landers then announced, "Deputy Rob Garcia and Lt. Brion Hanenkratt have put a lot of man hours into this cold case over the past several months, along with cold case investigators that were brought in to assist our office. . . ." The press release did not indicate a possible motive for the killing. Landers would not go into detail about the evidence that was presented to the grand jury, which gave police the okay to arrest Noffsinger. "We don't put the whole case in front of them," Landers said. "They don't make a

11

guilty verdict." Landers said he expected Noffsinger to make his initial court appearance next week. "Aggravated murder with specification makes this a capital case," Landers said. "As far as the legal system goes, there's a whole different set of books that goes along with it when you look at potential death penalty cases."

46. Landers' publication and press release was false, malicious, and in reckless disregard of plaintiff's civil rights.

47. On or about August 8, 2014 defendants TNT, Wolf and Magical Elves maliciously published a television production known as "Cold Justice, Season 2, Episode 17" for general public consumption depicting plaintiff as the murderer of Alma Noffsinger.

48. A jury trial was conducted from April 27, 2015 until May 1, 2015 which resulted in a not guilty verdict in favor of plaintiff and plaintiff was released from custody after 264 days incarceration.

## FIRST CLAIM
### (Invasion of Privacy–False Light)

49. Plaintiff reaffirms and re-alleges the claims set forth in paragraphs 1 through 48 above as if fully rewritten herein.

50. Defendants TNT, Wolf, Magical Elves, Siegler, McClary and Brown, jointly and severally with defendants Landers, Garcia and Hanenkratt, caused to be published "Season 2, Episode 17" of the television production "Cold Justice" when it was broadcast on major network television for general public consumption and the production concluded that plaintiff was the perpetrator of the homicide of Alma Noffsinger. Said publication continues to be published to date as outlined in paragraph 16 above.

51.  The publicity of said television production invaded plaintiff's privacy by placing plaintiff before the public at large in a false light because the television production contained false and inaccurate statements about plaintiff.

52.  The false light in which plaintiff was placed would be highly offensive to a reasonable person because it depicted plaintiff as the perpetrator of the homicide of Alma Noffsinger.

53.  The production, taken as a whole, leaves the unmistakable impression with the audience that the plaintiff is a killer and, specifically, that he was the perpetrator in the murder of Alma Noffsinger, without ever mentioning that the State of Ohio determined not to pursue the matter with the evidence it had in 1981, which was more than the evidence presented in the production.

54.  Defendants knew, or acted in reckless disregard, as to the falsity of the publicized matter and the false light in which plaintiff was placed.

55.  Plaintiff sustained damages as a direct and proximate result of defendants' invasion of privacy by placing plaintiff in a false light in such a manner as to cause mental distress, shame, humiliation to Plaintiff and injury to his standing in the community.

**SECOND CLAIM**
**42 U.S. C. §1983**
**(Violation of Civil Rights by Malicious Prosecution)**

56.  Plaintiff reaffirms and re-alleges the claims set forth in paragraphs 1 through 55 above as if fully rewritten herein.

57.  Acting under color of state law, defendants Landers, Garcia and Hanenkratt filed investigative reports in order to create probable cause when the totality of the evidence indicated

the perpetrator of the homicide of Alma Noffsinger was not plaintiff, but a third party present at decedent's residence during the time frame of the homicide.

58. Acting under color of state law, defendants Landers, Garcia and Hanenkratt in conjunction with the participation of and at the direction of defendants Siegler, McClary and Brown prosecuted and arrested plaintiff upon criminal charges when they knew, or should have known, that plaintiff was not the perpetrator of the homicide and were without probable cause to forward the case to the Paulding County, Ohio Prosecuting Attorney for presentation to the Paulding County Grand Jury and resultant indictment.

59. Acting under color of state law, Defendants Landers, Garcia and Hanenkratt influenced, participated and aided in the decision to prosecute plaintiff for the murder of Alma Noffsinger when said defendants presented the findings and conclusions of the June, 2014 investigation to the Paulding County Prosecutor prior to wrapping up filming of the television production.

60. Defendants Landers, Garcia and Hanenkratt were informed by defendants Siegler, McClary and Brown that the television production would not be published unless an indictment was filed.

61. Defendants Landers, Garcia and Hanenkratt's conduct was with malice and for the express purpose of obtaining the publicity promised by defendants Siegler, Brown and McClary.

62. The indictment and subsequent criminal proceeding against plaintiff, which included plaintiff's arrest and subsequent incarceration in lieu of bond from on or about August 1, 2014 until on or about May 1, 2015, was resolved by a jury trial in which a not guilty verdict was rendered in plaintiff's favor.

63. Such malicious criminal prosecution deprived plaintiff of his constitutional and civil rights including his right to be free from an unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

64. As a direct and proximate result of the above, plaintiff suffered loss of reputation, humiliation, disgrace, and severe physical and mental injuries for which these defendants are liable.

### THIRD CAUSE OF ACTION
### (42 USC § 1983)
### (Conspiracy to Violate Plaintiff's Civil Rights)

65. Plaintiff reaffirms and re-alleges the claims set forth in paragraphs 1 through 64 above as if fully rewritten herein.

66. Acting under color of state law, the defendants Landers, Garcia and Hanenkratt conspired, agreed, and acted with other defendants, Wolf, Magical Elves, Siegler, McClary and Brown in the criminal prosecution of plaintiff when all defendants knew, or should have known, that plaintiff was not involved in the homicide based upon the totality of the evidence.

67. Defendants Siegler, McClary, and Brown concluded their June, 2014 investigation with defendants Landers, Garcia and Hanenkratt with the agreed upon conclusion that plaintiff was the perpetrator of the homicide of Alma Noffsinger and that defendants Landers, Garcia and Hanenkratt would present the same to the Paulding County Prosecutor for charges against plaintiff.

68. As a result of defendants' June, 2014 investigation, a Special Paulding County Grand Jury was convened on July 31, 2014 to hear evidence specifically against plaintiff, who was then indicted on one count of aggravated murder for the death of Alma Noffsinger.

69. On or about August 1, 2014, plaintiff was arrested on the aforementioned indictment and held in lieu of bond until the conclusion of his trial on May 1, 2015.

70. Such conspiracy deprived plaintiff of his constitutional rights including his right to be free from unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

71. As a direct and proximate result of the above, plaintiff suffered loss of reputation, humiliation, disgrace, and severe physical and mental injuries for which these defendants are liable.

## FOURTH CAUSE OF ACTION
### (Defamation)

72. Plaintiff reaffirms and re-alleges the claims set forth in paragraphs 1 through 71 above as if fully rewritten herein.

73. Plaintiff is a life long residence of the Defiance County/Paulding County, Ohio area.

74. On or about August 8, 2014 defendants TNT, Wolf, Magical Elves, Siegler, McClary and Brown caused to be published "Season 2, Episode 17" of the television production "Cold Justice" when it was broadcast on major network television for general public consumption and the production concluded and published that plaintiff was a liar and the perpetrator of the homicide of Alma Noffsinger.

75. Said publication was false and defamatory to plaintiff because it conveys to the average viewer that plaintiff was a murderer.

76. Defendants knew, or should have known, said conclusion was false and published the same willfully and with actual malice toward plaintiff.

16

77. Said conclusion has caused plaintiff damage to his reputation and plaintiff has suffered great pain and mental anguish.

## FIFTH CAUSE OF ACTION
### (State Law Claim for Malicious Prosecution)

78. Plaintiff reaffirms and re-alleges the claims set forth in paragraphs 1 through 77 above as if fully rewritten herein

79. Defendants Landers, Garcia and Hanenkratt filed investigative reports in order to create probable cause when the totality of the evidence indicated the perpetrator of the homicide of Alma Noffsinger was not plaintiff, but a third party present at decedent's residence during the time frame of the homicide.

80. Defendants Landers, Garcia and Hanenkratt in conjunction with the participation of and at the direction of defendants Siegler, McClary and Brown prosecuted and arrested plaintiff upon criminal charges when they knew, or should have known, that plaintiff was not the perpetrator of the homicide and were without probable cause to forward the case to the Paulding County, Ohio Prosecuting Attorney for presentation to the Paulding County Grand Jury and resultant indictment.

81. Defendants Landers, Garcia and Hanenkratt influenced, participated and aided in the decision to prosecute plaintiff for the murder of Alma Noffsinger when said defendants presented the findings and conclusions of the June, 2014 investigation to the Paulding County Prosecutor prior to wrapping up filming of the television production.

82. Defendants Landers, Garcia and Hanenkratt were informed by defendants Siegler, McClary and Brown that the television production would not be published unless an indictment

was filed.

83. Defendants Landers, Garcia and Hanenkratt's conduct was with malice and for the express purpose of obtaining the publicity promised by defendants Siegler, Brown and McClary.

84. The indictment and subsequent criminal proceeding against plaintiff, which included plaintiff's arrest and subsequent incarceration in lieu of bond from on or about August 1, 2014 until on or about May 1, 2015, was resolved by a jury trial in which a not guilty verdict was rendered in plaintiff's favor.

85. As a direct and proximate result of the above, plaintiff suffered loss of reputation, humiliation, disgrace, severe physical and mental injuries for which these defendants are liable.

## SIXTH CAUSE OF ACTION
### (Intentional or Reckless Infliction of Severe Emotional Distress)

86. Plaintiff reaffirms and re-alleges the claims set forth in paragraphs 1 through 85 above as if fully rewritten herein.

87. From June 16, 2014 through the present defendants caused plaintiff to be exposed to great public humiliation, distrust and shame which is ongoing.

88. On or about August 8, 2014 defendants TNT, Wolf, Magical Elves, Siegler, McClary and Brown caused to be published "Season 2, Episode 17" of the television production "Cold Justice" when it was broadcast on major network television for general public consumption and the production concluded and published that plaintiff was the perpetrator of the homicide of Alma Noffsinger and described plaintiff's alleged conduct in a manner that further ridiculed and humiliated plaintiff.

89. Defendants Siegler, McClary and Brown conducted the June, 2014 investigation with

the preconceived idea that a family member, and ultimately plaintiff, committed a heinous homicide without any evidence of the same.

90. Defendants Landers, Garcia and Hanenkratt conducted the June, 2014 investigation with the preconceived idea that a family member, and ultimately plaintiff, committed a heinous homicide without any evidence of the same.

91. Defendants, individually and in concert, acted intentionally or recklessly, and knew or should have known, that their actions would result in serious emotional distress to plaintiff.

92. Defendants' conduct exceeded all possible bounds of decency.

93. Defendants' actions proximately caused plaintiff to suffer psychological injuries and severe mental anguish.

94. Plaintiff will sustain medical expenses in the future due to the psychological injuries and severe mental anguish caused by Defendants' actions.

WHEREFORE, plaintiff Steven G. Noffsinger requests that this Court:

(a) Enter judgment in his favor and against the defendants, jointly and severally;

(b) Award compensatory damages in an amount that exceeds $75,000.00 to be shown at trial;

(c) Award punitive damages except as to units of government;

(d) Award all costs and expenses incurred in the prosecution of the action;

(e) Award reasonable attorneys' fees as provided by 42 USC §1988; and

(f) Award such other relief as the Court deems just and proper.

Respectfully submitted,
RUMER & MAISCH CO., LLC

/s/ Michael A. Rumer
Michael A. Rumer, (0006626)
and

/s/ Victoria Maisch Rumer
Victoria Maisch Rumer, (0063440)
and

/s/ Zachary D. Maisch
Zachary D. Maisch, (0085926)

/s/ Andrea M. Brown
Andrea M. Brown, (0089451)
212 N. Elizabeth Street, Suite 410
Lima, Ohio 45801
Telephone: 419-228-7640
Facsimile: 419-228-6214
Email: mrumer@rmcolaw.net
vmaisch@rmcolaw.net
zmaisch@rmcolaw.net
abrown@rmcolaw.net
ATTORNEYS FOR PLAINTIFF